# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

|                                        |   |                          |
|----------------------------------------|---|--------------------------|
| JAILYNN BARDWELL,                      | ) |                          |
|                                        | ) |                          |
|                                        | ) |                          |
| Plaintiff,                             | ) |                          |
|                                        | ) |                          |
| v.                                     | ) | Case No. CIV-16-509-R    |
|                                        | ) |                          |
| CREDIT RECOVERY ASSOCIATES, INC.,      | ) |                          |
|                                        | ) |                          |
|                                        | ) |                          |
| Defendant.                             | ) |                          |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Credit Recovery Associates, Inc. ("Defendant"), states as follows.

1. Paragraph no. 1 requires no admission or denial.

2. Plaintiff identifies no source for Congress' purported findings and purpose of the FDCPA. As such, Plaintiff lacks the information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph no. 2 and therefore denies the same.

3. Defendant does not challenge the jurisdiction of this Court in this matter contained in paragraph no. 3 of the Complaint.

4. Defendant does not challenge the personal jurisdiction of this Court contained in paragraph no. 4 of the Complaint.

5. Defendant does not challenge the proper venue of this Court contained in paragraph no. 5 of the Complaint.

6. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph no. 6, and therefore denies the same.

7.    Defendant admits the allegations contained in paragraph no. 7 of the Complaint.

8.    Defendant admits the allegations contained in paragraph no. 8 of the Complaint.

9.    Defendant admits the allegations contained in paragraph no. 9 of the Complaint.

10.   Defendant admits the allegations contained in paragraph no. 10 of the Complaint.

11.   Defendant admits the allegations contained in paragraph no. 11 of the Complaint.

12.   Defendant admits in part and denies in part the allegations contained in paragraph no. 12 of the Complaint.  Defendant admits that it acts through duly assigned individuals, including agents and employees, as it pertains to the subject matter of this lawsuit.  Defendant denies the allegations in paragraph no. 12 to the extent Plaintiff alleges otherwise or to the extent the defined persons or entities do not exist or are not authorized.

13.   Defendant admits the allegations contained in paragraph no. 13 of the Complaint.

14.   Defendant admits that Plaintiff notified Defendant that Plaintiff did not owe the debt and had not done business with Regional Finance Company but only after Plaintiff had previously acknowledged the debt and attempted to resolve the non-payment issue in regard to paragraph no. 14 of the Complaint.

15.   Defendant admits the allegations contained in paragraph no. 15 of the Complaint.

16.   The May 15, 2015, letter speaks for itself and requires no admission or denial in regard to paragraph no. 16 of the Complaint.

17.   15 U.S.C. § 1692e(11) speaks for itself and requires no admission or denial in regard to paragraph no. 17 of the Complaint.

18.   The May 15, 2015, letter speaks for itself and requires no admission or denial in regard to paragraph no. 18 of the Complaint.

19.   Defendant denies the allegations contained in paragraph no. 19 of the Complaint.

20.   Defendant denies the allegations contained in paragraph no. 20 of the Complaint.

21.   Defendant denies the allegations contained in paragraph no. 21 of the Complaint.

22.   15 U.S.C. § 1692e speaks for itself and requires no admission or denial in regard to paragraph no. 22 of the Complaint.

23.   Defendant denies the allegations contained in paragraph no. 23 of the Complaint.

24.   Defendant lacks information to admit or deny the allegations contained in paragraph no. 24 of the Complaint.

25.   Defendant denies the allegations contained in paragraph no. 25 of the Complaint.

26.    Paragraph No. 26 of the Complaint requires no admission or denial.

27.    Defendant denies the allegations contained in paragraph no. 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph no. 28 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Failure to state a claim upon which relief can be granted.

2.    Unclean hands.

3.    Accord and satisfaction.

4.    Failure of consideration.

5.    Estoppel

6.    Laches.

7.    Waiver.

8.    Failure to mitigate damages.

WHEREFORE, premises considered, Defendant respectfully requests that the Court enter judgment in Defendant's favor on Plaintiff's claim, that Plaintiff take nothing from this action, and for all further relief for which Defendant may be entitled.

Respectfully Submitted,


s/ C. Russell Woody
C. Russell Woody, OBA #21413
Elizabeth A. Price, OBA #22278
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-7000
Facsimile: (405) 996-3403
rwoody@hartzoglaw.com
eprice@hartzoglaw.com

**ATTORNEYS FOR DEFENDANT,
CREDIT RECOVERY ASSOCIATES, INC.**


## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Victor R. Wandres
Paramount Law Consumer Protection Firm
4835 S. Peoria Avenue, Suite 1
Tulsa, OK  74105
2063@paramount-law.net

s/ C. Russell Woody
C. Russell Woody